# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| BADE ALLI, | CIVIL ACTION NO. 07-CV-10670 |
| Plaintiff, | DISTRICT JUDGE GERALD E. ROSEN |
| | MAGISTRATE JUDGE MONA K. MAJZOUB |
| VS. | |
| MARTIN H. SAVITZ, estate of, et al., | |
| Defendants. | |

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF BADE ALLI'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS, ANSWERS TO INTERROGATORIES AND REQUESTS FOR ADMISSION BE TREATED ADMITTED (DOCKET NO. 19).

This matter comes before the Court on Plaintiff Bade Alli's[1] Motion to Compel the Production of Documents, Answers to Interrogatories, and Requests for Admission be Treated Admitted filed on June 16, 2008. (Docket no. 19). Defendants filed a Response Brief in Opposition to Plaintiff's Motion to Compel Discovery on July 2, 2008. (Docket no. 21). Defendants allege they tried contacting Plaintiff to facilitate filing a Joint Statement of Resolved and Unresolved Issues as required pursuant to this Court's order. (Docket no. 22, 23). Defendants were unable to reach Plaintiff. (Docket no. 23). The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 20). The parties appeared before the Court for oral argument on August 6, 2008. The matter is now ready for ruling.

---

[1]The case is incorrectly captioned on the docket. Plaintiff's surname is Alli. (Docket no. 1 at 23).

Plaintiff served his discovery requests, a Combined Notice to Produce, Notice to Admit and Interrogatories to Defendants, by hand delivery on April 7, 2008. Despite correspondence from Plaintiff about the due date for the discovery responses, Defendants did not answer, respond or object until June 5, 2008. (Docket no. 19). Plaintiff alleges the responses were late, in bad faith, evasive, unresponsive and incomplete. (Docket no. 19 at 2).

Although not captioned on his Motion and Brief, Plaintiff alleges that he was represented by Defendants' counsels' law firm Honigman, Miller, Schwartz, and Cohn LLP, in 2000 in a real estate transaction involving Plaintiff's attempted purchase of Whittier Towers and that the law firm's representation of Defendants is a conflict of interest. *See* Docket no. 19, Exhibit 7. Defendants' counsel admits that Plaintiff was a former client of the law firm who was represented for a short time in a real estate transaction in 2000, but argues that the prior matter has no relevance whatsoever to the issues in this case. At the hearing, the Court questioned the parties about the prior representation. The Court has not yet received documents it requested from Defendants' counsel related to the prior representation. The Court reserves its decision on the conflict of interest issue until it receives and reviews the requested documents. (Docket no. 24).

## ANALYSIS

**Plaintiff's Motion to Compel Discovery**

Plaintiff alleges that "some" of the answers to his discovery are "evasive, improper, frivolous, and malaise" and "in bad faith" in violation of Fed. R. Civ. P. 11, 26, 30 and 37. Plaintiff moves the Court to order Defendants to answer all Interrogatories and produce all documents without delay and deem all Requests for Admission admitted. Plaintiff has not indicated which answers and responses are deficient, he merely directs the Court to "examine the Defendant's answer

2

to Discovery" at Exhibit 5. Defendants argue in response that they properly responded to Plaintiff's discovery and because of the lack of detail in Plaintiff's Motion, they are forced to respond to the Motion "in a vacuum." The Court must construe pro se pleadings liberally. *See generally McNeil v. Salan*, 961 F.2d 1578, 1992 WL 102734 *4 (6th Cir. 1992) (unpublished) ("[P]ro se complaints and other documents, 'however inartfully pleaded,' are held to 'less stringent standards than formal pleadings [and documents] drafted by lawyers,' and are to be liberally construed.").

## A.    *Requests to Produce*

Plaintiff served 27 Requests to Produce on Defendants, numbered and lettered 1(a)-(g) and 2(a)-(t). As an initial matter, Rule 34, Fed. R. Civ. P., provides discovery of items in the responding party's "possession, custody, or control." Initially, a request to produce cannot ask the responding party to "create" documents, such as lists. Rule 34 "can be used only to require the production of things in existence." *See Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co.*, 576 F. Supp. 511, 513 (W.D. Pa. 1983); *Retail Ventures, Inc. v. National Union Fire Ins. Co.*, 2007 U.S. Dist. LEXIS 83425 *6-7 (S.D. Ohio 2007). Request to Produce Nos. 1(e), 2(b), 2(d), 2(i), 2(j), 2(n), 2(o), 2(p), 2(q) and 2(r) identify a variety of documents and/or items and also include "lists" and/or a request for Defendants to "list" information. To the extent that the requested "lists" are not existing documents, stored information, compilations or other tangible thing(s) pursuant to Fed. R. Civ. P. 34(a)(1), they are not properly the subject of a Request to Produce. *Compare* Fed. R. Civ. P. 34 *with* Fed. R. Civ. P. 33.

In response to Requests to Produce Nos. 1(a), 1(b), 1(c), 1(e), 1(g)[2], 2(c), 2(d)[3], 2(h), 2(k), 2(m) and 2(n), Defendants state that they "will produce the documents requested, to the extent they are in the Defendants' possession, have been located, and are not privileged and do not contain proprietary or confidential information, for inspection and copying at a mutually agreeable place and time." In response to Request Nos. 2(e), 2(f), 2(g), 2(q), 2(r) and 2(s), Defendants state that they will provide documents for the account maintained at Nevada State Bank for the "American Council for Board Certification" or at Key Bank for the "American Academy of Minimally Invasive Spinal Specialist," to the extent they are "in Defendant's possession, have been located, are not privileged and do not contain proprietary or confidential information." The limitation to these bank accounts is reasonable and responsive in light of the ambiguity of these requests and their failure to identify a business entity or bank, and Plaintiff's failure to specify deficiencies in the responses. Contrary to Defendants' assertion that they will only make available the documents in their "possession," Defendants are required to produce documents and responsive items within their "possession,

---

[2] Request to Produce No. 1(g) asks Defendants to "produce any and all insurance agreement and insurance policy (sic) that Defendants were carrying during the operation of this business with Plaintiff, . . . please include insurance coverage provided by credit cards, American Express company credit card . . . owned by Defendants and or Defendants and Plaintiff business relationship." Defendant objects that the request is overbroad, unduly burdensome and oppressive. It is not limited in scope or relevancy. Defendant agreed to produce documents relating to life insurance on Dr. Savitz's life which was payable to the Estate of Dr. Savitz. The Court finds that this production is sufficient in light of the broad nature, vagueness and ambiguity of Request to Produce No. 1(g).

[3] Request to Produce No. 2(d) is nonsensical to the extent the first half of the request asks Defendants to "Please produce any and all monetary value of the Estate of the Defendant Dr. Martin Savitz, . . . ." It further asks for "a list of sources of such money due the Estate (on his behalf) through the third party." Defendants agreed to produce the "List of Assets - Inventory" filed in the Estate. In light of the ambiguity of the request, the Court finds that Defendants' answer is responsive.

custody, or control," and the Court will so order. Fed. R. Civ. P. 34(a)(1). Defendants are required to provide a privilege log to the extent that they assert any privileges. Fed. R. Civ. P. 26(b)(5). The Court will order the inspection and copying to occur at the Defendants' counsel's Detroit office or another location agreed to by the parties on a mutually convenient date occurring on or before September 2, 2008.

Request to Produce No. 2(i) asks Defendants to "Please produce all of the books - MIST in Defendants custody or control. With itemized statement, please list the amount of the book left unsold, and where they are and produce such listing." Plaintiff may request inspection of the books under Fed. R. Civ. P. 34. Defendant responded with objections, but also stated that the "requested information is not in the possession, custody or control" of Defendants. Similarly, Defendants provided objections in response to Request to Produce Nos. 2(l), 2(o) and 2(p) and stated that the "requested information is not in the possession, custody or control of Defendants. The Court will therefore deny Plaintiff's Motion as to Request to Produce Nos. 2(i), 2(l), 2(o) and 2(p).

Request to Produce Nos. 1(d) and (f) are vague, overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants provided what appear to be substantive and sufficient responses to Request to Produce Nos. 2(a), (b) and (t) and Plaintiff did not otherwise note deficiencies in these responses. Request to Produce No. 2(j) is properly the subject of an interrogatory and Defendants state that no such document exists. The Court will therefore deny Plaintiff's motion to compel as to Requests to Produce Nos. 1(d), 1(f), 2(a), 2(b), 2(j) and 2(t).

## B. *Interrogatories*

Plaintiff moves for an order to compel Defendants to answer his interrogatories in full. Plaintiff's interrogatories number 20; they are 4(a)-(s). Defendants allege that with subparts, they

5

exceed the 25 interrogatories allowed pursuant to Fed. R. Civ. P. 33(a)(1). However, Defendants admit that to "avoid unnecessary motion practice," they attempted to answer all of the interrogatories. Upon examination, each interrogatory, although some are unclear, appears to address a discrete subject and to the extent the interrogatory contains subparts, the subparts seek details related to the common theme of the interrogatory. Further, to the extent that the meaning of the interrogatories can be ascertained, the interrogatories are relevant to Plaintiff's claims. They include inquiries regarding correspondence between Plaintiff and others regarding the "missing" funds sent by a doctor in Singapore, information regarding items and gifts related to the business at issue and kept in the possession of the deceased, questions regarding the existence, receipt, accounting and use or expenditure of funds from Plaintiff and the deceased's business and questions regarding the sale of the books related to the business. The Court finds that it is not a proper objection by Defendants that any of the Interrogatories are irrelevant.

To the extent that Defendants object to specific interrogatories as vague, ambiguous and/or "impossible to comprehend as worded," the Court agrees and denies Plaintiff's Motion to Compel as to the following Interrogatories: Nos. 4(a), 4(b)[4], 4(c), 4(g), 4(m), 4(o), 4(p), 4(q) and 4(r).

---

[4] For example, Interrogatory No. 4(a) asks, "With respect to letters, email and speed mail delivery by Dr. Alli and Dr. Leow from Singapore, why was response not made?" It is unclear to whom the letters, email and speed mail were sent, over the course of what period of time and, furthermore, in the Requests for Admission, Plaintiff referred to "speed post" which is a Singaporean parcel delivery service and not "speed mail."

Interrogatory No. 4(b) asks, "Please state with specificity where are the equipments (sic), tools, computers, CD of the books, manuscripts, books, chart of the accounts deposit slips, withdrawal slips, list of attendants at the 5th Global convention kept in the custody of Dr. Martin Savitz?" It is unclear what information Plaintiff seeks: whether he is asking for material and supplies related to the conference, whether only the list of "attendants" is related to the conference, whether he seeks the items only in the custody of Dr. Savitz or whether he wants to know where in the custody of Dr. Savitz (deceased) these items are kept?

Defendants answered 4(d) and 4(e) by referring to their answer to Request for Admission 3(bb) and it is not clear what portion, if any, of its answer to 3(bb) is responsive to Interrogatory Nos. 4(d) and 4(e). The Court will order Defendants to serve amended answers to Interrogatory Nos. 4(d) and 4(e) without reference to any previous responses.

Defendants provided substantive answers to 4(f), (h) and (n). Plaintiff does not show how these answers are otherwise deficient. The Court will deny Plaintiff's motion as to Interrogatory Nos. 4(f), 4(h) and 4(n).

Interrogatory No. 4(i) asks, "Korea AMIST group and Wooridul Hospital Paid approximately $120,000 directly to Dr. Savitz, where is that money deposited?" It is not a valid objection that the phrases "Korea AMIST group" and "Wooridul Hospital" are vague and ambiguous. If Defendants have never heard of these organizations and/or entities, Defendants should so state. It is not a proper objection that the information is not in the possession, custody or control of Defendants (which is an objection to a Request to Produce) or that the request pertains to third-parties. Defendant(s) must answer the interrogatory fully in conformance with Fed. R. Civ. P. 33. A similar analysis applies to Interrogatory No. 4(j). The Court will order Defendants to serve full and complete amended answers Interrogatory Nos. 4(i) and (j) pursuant to with Fed. R. Civ. P. 33.

Interrogatory No. 4(k) asks "How many checks did Harmony Savitz written (sic) and negotiated (sic) from the Business (sic) account of Dr. Martin Savitz and Dr. Alli?" The Court does not find the terms "written and negotiated" or the reference to a business account vague or ambiguous in this context. The Court will order Defendants to fully answer Interrogatory No. 4(k) including identifying how many of the checks identified in Defendants' answer were written by Harmony Savitz.

With respect to Interrogatory No. 4(l), the first question, "There was communication to the Nevada Bank regarding the money still in the Business account of Plaintiff and Dr. Savitz, what was the purpose of the communication?" is over broad and not limited in scope as to time. However, the second part of the Interrogatory is clear and the Court will order Defendants to answer, "Who withdrew money from the business account of both the Plaintiff and Dr. Savitz, after Dr. Martin Savitz's death?"

Interrogatory No. 4(s) is sufficiently clear to demand an answer from Defendants. It asks, "Please state Harmony Savitz's activities with regard to handling the money of the business entity belonging to Dr. Alli and Dr. Savitz, including logging, banking, withdrawal, and signing checks on the account. " The Court will order Defendants to fully answer Interrogatory No. 4.

## C.     Requests for Admission

Plaintiff served 30 Requests for Admission on Defendants: 3(a)-(dd) and 4(a)-(s). Plaintiff asks the Court to deem his Requests for Admissions admitted. Rule 36, Fed. R. Civ. P., provides that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Plaintiff served his Requests for Admissions on April 7, 2008. The parties agree that Defendants' answers to the Requests for Admissions were served on June 5, 2008. They disagree as to whether this late response was provided under an agreement between the parties to extend the due date for the answers. Defendants argue that prior to the deadline for answering, they sought and obtained an extension to respond to June 6, 2008. (Docket no 21 at 3). Plaintiff alleges that there was no agreement. Testimony by the Defendants' counsel shows that there was a verbal

8

agreement confirmed by email dated May 30, 2008. It appears that an agreement existed to extend Defendants' response time to June 6, 2008.

Furthermore, many of the requests for admission are unclear at best. Although the Court must construe pro se pleadings liberally, the interests of justice would not be served by deeming imprecise and vague Requests for Admission admitted[5]. Plaintiff's motion asks the Court to deem the Requests for Admissions admitted and he does not otherwise challenge the sufficiency of Defendants' responses. The Court will deny Plaintiff's Motion to Deem the Requests for Admissions admitted.

**Plaintiff Alli's Request for Sanctions**

The Court will deny Plaintiff's Motion as to sanctions because Plaintiff did not properly plead a motion for sanctions and Defendants' arguments and objections were not without justification. Similarly, the Court declines to award attorneys fees and costs in this matter.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel the Production of Documents, Answers to Interrogatories and Requests for Admission be Treated Admitted (docket no. 19) is **GRANTED** in part and Defendants will make available at Defendants' counsel's Detroit office or another location agreed to by the parties the documents which they stated they would make available pursuant to their responses and as set forth herein, on a date mutually convenient to the

---

[5] For example, Plaintiff refers to "Books"; if these are the same books identified in Plaintiff's Request to Produce No. 2(h) as "MIST" books ("Minimally Invasive Spinal Technique") they should be consistently identified as such. It is unclear in this context to what books Plaintiff refers. Similarly, Plaintiff refers to bank accounts, without clearly identifying the bank, the account or the holder. In Request Nos. 3(q) and (s), Plaintiff asks Defendants to admit or deny that the income from the sale of the "books" was not reported, however, Plaintiff does not indicate to whom it was not reported. Requests for Admissions must be crafted with specificity.

parties and occurring on or before September 2, 2008. These Requests include Nos. 1(a), 1(b), 1(c), 1(e), 1(g), 2(c), 2(d), 2(e), 2(f), 2(g), 2(h), 2(k), 2(m), 2(n), 2(q), 2(r) and 2(s). At the same time and location Defendants will also produce full amended responses and make available responsive documents and things in response to Request Nos. 2(i), 2(l), 2(o) and 2(p). Plaintiff's Motion to Compel is **DENIED** as to Requests to Produce Nos. 1(d), 1(f), 2(a), 2(b), 2(j) and 2(t).

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel as to Interrogatory Nos. 4(d), 4(e), 4(i), 4(j), 4(k) and 4(s) is **GRANTED** and Defendants will serve full and complete amended answers to these interrogatories by September 2, 2008. Plaintiff's Motion to Compel as to Interrogatory No. 4(l) is **GRANTED** in part and Defendant will fully answer the second question in Interrogatory No. 4(l) as set forth above. Plaintiff's Motion to Compel is **DENIED** as to Interrogatory Nos. 4(a), 4(b), 4(c), 4(g), 4(m), 4(o), 4(p), 4(q) and 4(r) because they are vague, ambiguous and unclear and Interrogatory Nos. 4(f), 4(h) and 4(n) because Defendants' answers are sufficient.

**IT IS FURTHER ORDERED** that Plaintiff's request to deem the Requests for Admission admitted is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery (docket no. 19) is **DENIED** as to Plaintiff's request for sanctions.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 20, 2008            s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 20, 2008            s/ Lisa C. Bartlett
                                  Courtroom Deputy