UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLI BADE,

                **Plaintiff,**          CIVIL ACTION NO. 07-CV-10670-DT

    **vs.**

                           CHIEF DISTRICT JUDGE GERALD E. ROSEN

**MARTIN H. SAVITZ,**         MAGISTRATE JUDGE MONA K. MAJZOUB
**Estate of, et al.,**

                **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that Plaintiff's Emergency Motion for Temporary Restraining Order, for Preliminary Injunction and for Appointment of Receiver filed on December 22, 2008 (docket no. 34) be **DENIED**.

**II.**    **REPORT:**

    **A.**    **Facts and Procedural History**

    Plaintiff brought this action in Michigan state court against Defendants alleging that they engaged in fraud and conversion, breached oral contracts, and misrepresented facts in connection with an enterprise of training physicians and publishing related books on that subject formed by Plaintiff and Dr. Martin Savitz who is now deceased. (Docket no. 1). Defendants Estate of Martin H. Savitz, Deceased, Harmony Savitz, Neurological Diplomates PC Retirement Fund, and Neurological Consultant PC Retirement Fund removed the action to this Court. (*Id.*). On December 22, 2008 Plaintiff filed this emergency motion for injunctive relief pursuant to Fed. R. Civ. P. 65,

66, 67.[1]  (Docket no. 34).  Defendants have responded.  (Docket nos. 45, 46, 47).  This matter was referred to the undersigned for a report and recommendation.  (Docket no. 35).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).  This matter is now ready for ruling.

### B.      Governing Law

Rule 65, Fed. R. Civ. P., authorizes the issuance of both preliminary injunctions and temporary restraining orders.  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  In deciding motions for a preliminary injunction, the Court considers whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant would suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest would be served by issuance of the injunction. (*Id*.).  These factors are to be balanced.  However, the failure to show a likelihood of success on the merits is usually fatal.  *Gonzales v. National Bd. of Med. Examiners,* 225 F.3d 620, 625 (6th Cir. 2000).  The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion.  *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

Rule 66, Fed. R. Civ. P., pertains to receivers.  The appointment of a receiver is an equitable remedy that is justified only in extreme situations.  *Meyer Jewelry Co. v. Meyer Holdings, Inc.*, 906 F. Supp. 428, 432 (E.D. Mich.1995).  A court typically considers the following factors when

---

[1] Rule 67 allows a party to voluntarily deposit money or other items into the court.  No party is asking to voluntarily deposit anything in its possession into the Court.  Therefore, this Rule is not applicable to Plaintiff's request that the Court order Defendants to deposit items with the Court.

deciding whether to appoint a receiver: (1) the existence of a valid claim by the moving party; (2) the probability that fraudulent conduct has occurred or will occur to frustrate the claim; (3) imminent danger that property will be lost, concealed, or diminished in value; (4) inadequacy of legal remedies; (5) lack of a less drastic equitable remedy; and (6) the likelihood that appointment of a receiver will do more harm than good. (*Id*.).

      **C.**      **Analysis**

          **1.**      **Likelihood of Success on Merits/Existence of Valid Claim**

Plaintiff has not shown a strong likelihood of success on the merits of his action. He attaches to his motion a copy of one $770.00 check that the widow of Dr. Matin Savitz allegedly endorsed with a stamp of Savitz's signature after his death. (Docket no. 34 ex. 1). Harmony Savitz, Dr. Savitz's widow, states in her affidavit that this $770.00 "had to be paid to the Publisher" of a book entitled "The Practice of Minimally Invasive Spinal Technique." (Docket no. 47 at 13). Plaintiff has not shown otherwise. Therefore, this check is weak evidence of a bad act committed by the Doctor's widow, and there is no showing that the publisher is a defendant. Plaintiff also attaches to his motion a list of debts allegedly owed by the Estate of Dr. Savitz. There is no basis shown for this Court to conclude that Plaintiff has a strong likelihood of recovering any of these alleged debts.

          **2.**      **Irreparable Injury/Inadequacy of Legal Remedies/Imminent Danger of Loss**

Plaintiff has also failed to show that without an injunction he will suffer irreparable injury or is in imminent danger of loss. Plaintiff seeks primarily damages as the remedy for his claims. (Docket no. 1 at 23). Plaintiff fails to show why a judgment for damages as a legal remedy could not fully compensate him if he succeeds on his claims. Moreover, the check that Plaintiff includes

as an exhibit was negotiated in July 2006. There is no evidence, other than Plaintiff's unsupported allegations, of more recent loss or that a loss is imminent.

### 3.   Lack of Specificity/Security

Plaintiff fails to specifically identify the Defendants against whom he wishes the Court to order injunctive relief. Plaintiff also fails to state precisely the nature of the relief requested. Pursuant to Rule 65(d), the terms of an injunction must be specific. Plaintiff's request for an injunction is too vague for relief to be granted. *See Garrison v. Davis*, 2008 WL 786667 (E.D. Mich. Mar. 21, 2008).

Plaintiff also fails to state that he is able and willing to give security for a preliminary injunction as Fed. R. Civ. P. 65(c) requires.

After considering the proper factors, Plaintiff has failed to show that an injunction or a receiver should be ordered in this action.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*,

-4-

829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 22, 2009                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Alli Bade and Counsel of Record on this date.

Dated: June 22, 2009                    s/ Lisa C. Bartlett
                                        Courtroom Deputy