**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**BADE ALLI,**

       **Plaintiff,**         **CIVIL ACTION NO. 07-CV-10670-DT**

    vs.                          **CHIEF DISTRICT JUDGE GERALD E. ROSEN**

**MARTIN H. SAVITZ,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**Estate of, et al.,**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**    The Motion for Summary Judgment filed by Defendants (docket no. 54) should be **DENIED**. Defendants' request for an Order to Compel Binding Arbitration should be **GRANTED** and this action should be stayed pending arbitration.

**II.**    **REPORT**:

This matter comes before the Court on Defendants' Motion for Summary Judgment Regarding Arbitration filed on July 31, 2009. (Docket no. 54). In the alternative, Defendants ask for an Order of Judgment under Rule 54 to stay proceedings in this Court and compel arbitration. (*Id*). Plaintiff, proceeding *pro se*, filed a Response on August 13, 2009. (Docket no. 60). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(B)(1)(B). (Docket no. 55). The Court dispenses with oral argument on this Motion pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

**A.**    **Procedural History and Facts**

-1-

Plaintiff is President and CEO of the Royal College of Physicians & Surgeons of the United States of America (RCPS-US), and the American International University (AIU). (Docket no. 60-4A). Martin H. Savitz, M.D., Trustee for the Rockland Neurological Consultants, PC Retirement Fund, was the Vice President of RCPS-AIU, LLC. (Docket no. 60-4A). On or around November 1, 2002, RCPS-US, AIU, and RCPS-AIU, LLC entered into an agreement under which RCPS-US, through its education arm, and AIU granted RCPS-AIU, LLC the exclusive right to conduct an M.S. Ph.D. program in research, and offer courses leading to certification in psychopharmacology. (Docket no. 60-4A). The contract provided in part that written publications could be sold for profit, medical education courses would be offered over the internet, and AIU and RCPS-AIU, LLC would pursue full federal and international recognition and accreditation within a three to five year period. (Docket no. 60-4A). The contract governed the manner in which program fees and tuition were paid, banking accounts were established, and account balances were disbursed. (Docket no. 60-4A). Plaintiff and Dr. Savitz executed the contract in a representative capacity only. (Docket no. 60-4A). On March 19, 2006, Dr. Savitz passed away. (Docket no. 60-1A). Dr. Savitz's widow, Defendant Harmony Savitz, became executor of his estate.

On January 9, 2007, Plaintiff filed a Complaint in Wayne County Circuit Court against the Estate of Martin H. Savitz, Harmony Savitz as individual and as Estate Administrator of Martin H. Savitz, deceased, Neurological Diplomates PC Retirement Fund a/k/a Rockland Fund, Neurological Consultant PC Retirement Fund (collectively referred to as the "Defendants"), and other defendants. (Docket no. 1). The named Defendants removed the case to federal court on February 14, 2007. (Docket no. 1). The Complaint alleges that Defendant Estate of Martin H. Savitz is subject to liability because Dr. Savitz misappropriated funds by depositing money related to the business into

an unauthorized bank account. (Docket no. 1). The Complaint also alleges that Defendant Harmony Savitz, after the death of her husband, wrote and negotiated checks on business accounts and deposited assets of the joint business into the Defendant Retirement Funds. (Docket no. 1). Plaintiff asserts claims of Fraud, Conversion, Breach of Contract, Promissory Estoppel, Innocent Misrepresentation, and Constructive Trust. (Docket no. 1).

Defendants filed a Motion for Summary Judgment Regarding Arbitration on July 31, 2009. (Docket no. 54). In its Motion, Defendants argue that Defendant Estate of Martin H. Savitz, as the real party in interest, consents to abide by the mandatory arbitration provisions found in the November 1, 2002 contract. Defendants' motion seeks to compel arbitration on behalf of the Defendant Estate only. Plaintiff admits in response that the contract contains an arbitration provision, but argues that the intent of the arbitration agreement was altered when the Defendants removed the case to federal court. Plaintiff contends that he fully complied with the arbitration provision when he offered Defendant Harmony Savitz the arbitration option before filing suit.

**B.     Analysis**

**1.  Motion for Summary Judgment**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). "The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991). The movant must meet its initial

burden regardless of the non-moving party's response. *Id.* Only after the moving party has met its burden of production must the non-moving party come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington v. Knox County Sch. Sys.*, 205 F.3d at 915.

Defendants filed its Motion for Summary Judgment without attaching any evidence in support of the motion. Defendants acknowledge that the arbitration provision has not previously been brought to the Court's attention. (Docket no. 54). The record therefore, up to and through the filing of the Motion for Summary Judgment, is devoid of any evidence of the arbitration provision. Summary judgment is inappropriate where the moving party fails to submit evidence in support of its Motion. The Defendants have not discharged their initial burden of demonstrating the existence of undisputed facts which entitle it to relief. Therefore, the Defendants' Motion for Summary Judgment should be denied.

### 2. Motion to Compel Arbitration and Stay Proceedings in this Court

In the alternative, Defendants ask the Court for an Order of Judgment under Rule 54 to stay proceedings and compel arbitration. The Court construes this request as a Motion to Compel Arbitration and to Stay the Proceedings in this Court.

The Federal Arbitration Act (FAA) applies to written arbitration agreements in contracts involving commercial transactions, and provides that such provisions "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, if any action is brought in federal court on any issue referable to arbitration under a written arbitration agreement, the court must stay the proceedings until the arbitration process is complete, provided the moving party is not in default in proceeding with arbitration. 9 U.S.C. § 3; *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003).

When reviewing a Motion to Compel Arbitration, the Court should consider: 1) whether the parties agreed to arbitrate; 2) the scope of that agreement; 3) whether Congress intended any federal statutory claims at issue to be nonarbitrable; and 4) if fewer than all claims are subject to arbitration, whether the court should stay the remaining proceedings pending arbitration. *Fazio v. Lehman Bros., Inc.*, 340 F.3d at 392. Only those parties which have agreed to submit to arbitration can generally be compelled to do so. However, nonsignatories to a contract may be bound by or may compel compliance with an arbitration provision under the general contract principles of: 1) incorporation by reference; 2) assumption, 3) agency, 4) veil-piercing/alter ego, and 5) estoppel. *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 629 (6th Cir. 2003) (citation omitted); *Arnold v. Arnold Corp.-Printed Commc'n for Bus.*, 920 F.2d 1269, 1281-82 (6th Cir. 1990).

A party may waive its right to arbitration if it actively participates in pretrial litigation or acts in a manner inconsistent with its right to arbitrate, if such actions prejudice his opponent. *Germany v. River Terminal Ry. Co.*, 477 F.2d 546, 547 (6th Cir. 1973); *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir. 1985). Failing to assert a right to arbitrate in responsive pleadings, filing pretrial motions, filing a counterclaim, engaging in extensive discovery, and litigating substantial issues on the merits, when taken together, may constitute waiver of the right to arbitrate. *S. Sys., Inc. v. Torrid Oven Ltd.*, 105 F.Supp.2d 848, 854 (W.D. Tenn. 2000). Even in the face of those activities, waiver of a party's right to arbitrate will not be lightly inferred given the strong national policy favoring arbitration. *Rush v. Oppenheimer & Co.*, 779 F.2d at 887-91. Any doubts regarding the applicability of an arbitration provision must be resolved in favor of arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 715 (6th Cir. 2000).

Plaintiff filed a copy of the contract with the Court. The contract governs the business

relationship between RCPS-US, AIU, and RCPS-AIU, LLC. It provides that the "principal parties in this contract are B. Ade Alli as President and CEO of [RCPS-US and AIU] . . . and Martin H. Savitz as trustee for the Rockland Neurological Consultants, P.C. Retirement Fund." (Docket no. 60-4A). Plaintiff and Dr. Savitz signed the contract in their representative capacities. None of the corporate entities are named as parties to this action. Instead, Plaintiff seeks to reach the personal assets of Dr. Savitz, now the Estate of Martin H. Savitz, and Defendant Harmony Savitz.

In his Complaint, Plaintiff alleges in substance that Dr. Savitz and Defendant Harmony Savitz violated the terms of the contract while acting as agents of the signatory corporation. Plaintiff is an agent of a signatory corporation. Given the wide degree of latitude surrounding the pleadings of *pro se* litigants, the Plaintiff and Defendants Estate of Martin H. Savitz and Harmony Savitz may be bound by and compelled to comply with the arbitration provision under agency or veil piercing/alter ego principles.

> Paragraph 16 of the Contract provides:
>
> Any dispute that arises from the contract will be submitted to binding arbitration in Detroit, Michigan in accordance with the rules and procedures of the American Arbitration Association. Such arbitration decision will be binding and can be accepted by the Wayne County Court for filing.

The arbitration clause shows that the parties agreed to resolve all disputes arising out of the contract by resorting to mandatory and binding arbitration. Plaintiff's claims arise out of the contract and therefore fall within the scope of the arbitration provision. Accordingly, provided that no waiver or default in proceeding with arbitration occurred, Defendant Estate of Martin Savitz and Defendant Harmony Savitz may compel the Plaintiff to arbitrate his claims. 9 U.S.C. § 3; *Germany v. River Terminal Ry. Co.*, 477 F.2d 546, 547 (6th Cir. 1973).

Plaintiff filed his Complaint more than two and one half years ago. In its Answer to

Plaintiff's Complaint, Defendants assert sixteen affirmative defenses, but failed to raise arbitration as a defense. The parties have filed witness lists and discovery motions. At the time the instant motion was filed, discovery had closed and trial was just three months away. But because the Defendants did not file a counterclaim, the parties have not litigated substantial issues on the merits. Additionally, neither party appears to have submitted to deposition and both parties have only engaged in limited discovery. (Docket nos. 49, 51). Moreover, Defendants' Motion for Summary Judgment does not address the merits of the underlying action. Although the Plaintiff claims he will be prejudiced by additional delay, it is apparent that both Plaintiff and Defendants share responsibility for the delays in this case.

In light of the general presumption against waiver and in favor of arbitration, the Defendant Estate of Martin H. Savitz and Defendant Harmony Savitz have not waived their right to arbitrate and may compel the Plaintiff to arbitrate his claims. With regard to Defendants Neurological Diplomates PC Retirement Fund a/k/a Rockland Fund, and Neurological Consultant PC Retirement Fund, it is not clear based upon the instant pleadings that issues relating to the Defendant Retirement Funds will be resolved through the arbitration process.

If fewer than all claims are subject to arbitration, the Court should consider whether to stay the action pending arbitration. *Fazio v. Lehman Bros., Inc.*, 340 F.3d at 392. In this matter, it is not certain that all claims will be resolved through arbitration. Therefore, the Court should stay this action pending arbitration.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 22, 2009            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Alli Bade and Counsel of Record on this date.

Dated: October 22, 2009            s/ Lisa C. Bartlett
                                   Case Manager