**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**BADE ALLI,**

       **Plaintiff,**        **CIVIL ACTION NO. 07-CV-10670-DT**

  **vs.**                **CHIEF DISTRICT JUDGE GERALD E. ROSEN**

**MARTIN H. SAVITZ,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**Estate of, et al.,**

       **Defendants.**
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO QUASH HARMONY SAVITZ'S DEPOSITION AND ORDER PRIOR DEPOSITION OF PLAINTIFF (docket no. 49) and ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (docket no. 51)**

Before the Court are two motions. The first is Defendants' Motion to Quash Harmony Savitz's Deposition and Order Prior Deposition of Plaintiff filed on June 28, 2009. (Docket no. 49). The second is Plaintiff's Response in opposition to Defendants' Motion and Motion for Protective Order filed on July 10, 2009. (Docket no. 51). These matters were referred to the undersigned for decision pursuant to 28 U.S.C. § 636(B)(1)(A) on August 3, 2009. (Docket no. 55). The Court dispenses with oral argument on the Motions pursuant to E.D. Mich. LR 7.1(e). These matters are now ready for ruling.

On June 22, 2009, Defendants served a Notice of Deposition Duces Tecum on Plaintiff by U.S. mail. (Docket no. 51-2B). The Notice states that the Plaintiff's deposition would be conducted on June 30, 2009 in Birmingham, Michigan. (Docket no. 51-2B). Attached to the Notice is a list of documents the Plaintiff was required to bring with him to the deposition. (Docket no. 51-2B).

Plaintiff sent a letter to Defendants' counsel, dated June 25, 2009, in response to the Notice of Deposition. (Docket no. 51). In the letter, Plaintiff objected to the June 30, 2009 deposition on the grounds that he was given only a few days notice. Plaintiff's letter of objection states that he would not attend the June 30, 2009 deposition. (Docket no. 51).

On June 24, 2009, Plaintiff executed a Notice of Deposition Duces Tecum of Defendant Harmony Savitz. (Docket no. 51-2A). A proof of service was not provided to the Court showing when and in what manner the Notice of Deposition was served. The Notice indicates that the deposition of Defendant Harmony Savitz, a New York resident, would be conducted on June 29, 2009 in Southfield, Michigan. (Docket no. 51-2A). Attached to the Notice of Deposition is a long list of documents Defendant Harmony Savitz was required to bring with her to the deposition. (Docket no. 51-2A).

On June 28, 2009 Defendants filed its Motion to Quash. (Docket no. 49). The Motion seeks to quash the deposition of Harmony Savitz and compel the deposition of Plaintiff. Defendants contend that Plaintiff's Notice of Deposition gave Defendant Harmony Savitz only five days in which to travel from New York to Michigan, and made no offer to pay her travel expenses. Defendants further state that Plaintiff failed to appear for his first deposition in December 2008, and now refuses to attend his second noticed deposition.

Plaintiff's Response to the Defendants' Motion to Quash (docket no. 51) was filed on July 10, 2009, after the discovery cut-off date. (Docket no. 32). In his Response, Plaintiff states that the deposition request by Defendants is for the purpose of malice, harassment, and intimidation. Plaintiff moves for a protective order and asks the Court to grant Plaintiff's request to depose Defendant Harmony Savitz.

This Court finds that the Defendants are entitled under Federal Rule of Civil Procedure 30(a)(1) to depose Plaintiff. Plaintiff having been served with proper notice is not entitled to refuse to be present for his deposition. Plaintiff has failed to demonstrate good cause to deny access to his deposition. The Plaintiff's Motion for Protective Order is not in compliance with Federal Rule of Civil Procedure 26(c) which requires the Motion to include a certification that the Plaintiff conferred with the Defendants in good faith in an effort to resolve the dispute without court action. The Motion also fails to comply with the amended scheduling order, which states that motions for protective orders must be filed within fourteen days of receipt or notice of the disputed discovery. (Docket no. 32). Plaintiff received Defendants' Notice of Deposition on June 25, 2009. (Docket no. 51). The Motion for Protective order was filed on July 10, 2009, outside the allotted fourteen day period provided in the amended scheduling order. Therefore, Plaintiff's Motion for Protective Order is denied.

Federal Rule of Civil Procedure 37(a) allows the Court to compel Plaintiff to appear for his deposition. Plaintiff is ordered to contact Defendants' counsel on or before October 26, 2009, and schedule his deposition which is to be completed on or before October 30, 2009. Plaintiff is ordered to be personally present at his deposition.

This Court finds that Plaintiff's Notice of Deposition is not in compliance with Federal Rule of Civil Procedure 30(b) which requires that the party noticing the deposition state in the notice the method for recording the testimony. Plaintiff also failed to provide reasonable notice for the Defendant's deposition given that Defendant Harmony Savitz would have been required to make out-of-state travel arrangements. In fact, Plaintiff gives Defendants one day less notice than Defendants gave Plaintiff in the Notice Plaintiff claims was unreasonably short. Since Defendant

Harmony Savitz's deposition was not properly noticed and discovery has now closed, she will not be compelled to provide her deposition.

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Quash the deposition of Harmony Savitz and compel the deposition of Plaintiff is **GRANTED**.  The Plaintiff is ordered to contact Defendants' counsel on or before October 26, 2009, and schedule his deposition which is to be completed on or before October 30, 2009.  Plaintiff must personally attend his deposition.  The parties are instructed that this Order remains effective unless and until the district court adopts this Court's Report and Recommendation filed October 22, 2009 (docket no. 63).  If the district court adopts the October 22, 2009 Report and Recommendation and enters an Order which has the effect of compelling arbitration on behalf of any party to this action, on the date such Order is entered, this Order will be moot and Plaintiff's deposition testimony will no longer be compelled.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Protective Order is **DENIED**.


**Failure to comply with this order may result in sanctions including dismissal of this action.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: October 22, 2009				s/ Mona K. Majzoub
						MONA K. MAJZOUB
						UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Bade Alli and Counsel of Record on this date.

Dated: October 21, 2009				s/ Lisa C. Bartlett
						Case Manager