UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BADE ALLI,

        Plaintiff,                No. 07-CV-10670-DT

vs.                                        Hon. Gerald E. Rosen

ESTATE OF MARTIN H. SAVITZ, et al.,

        Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION
TO RE-OPEN CASE FOR ACCELERATED BENCH TRIAL
AND/OR DEFAULT AGAINST DEFENDANTS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     September 30, 2011

PRESENT:   Honorable Gerald E. Rosen
                   United States District Chief Judge

On November 20, 2009, the Court entered an Opinion and Order adopting Magistrate Judge Mona K. Majzoub's Report and Recommendation finding that Plaintiff's claims in this action arose out of a contract entered into between Bade Alli and Martin Savitz on November 1, 2002 which called for arbitration of any disputes arising out of the contract.

Paragraph 16 of the November 1, 2002 contract provided:

Any dispute that arises from the contract will be submitted to binding arbitration in Detroit, Michigan in accordance with the rules and procedures

1

of the American Arbitration Association. Such arbitration decision will be binding and can be accepted by the Wayne County Court for filing.

The arbitration clause shows that the parties agreed to resolve all disputes arising out of the contract by resorting to mandatory and binding arbitration.  Plaintiff's claims in this action arose out of the contract and, therefore, fall within the scope of the arbitration provision.  Accordingly, the Court entered a Judgment directing Plaintiff to submit his claims to binding arbitration as provided in the November 1, 2002 contract, and dismissed this case, without prejudice to Plaintiff's right to move to re-open the case if the binding arbitration does not resolve Plaintiff's claims against Defendants Neurological Diplomates PC Retirement Fund a/k/a Rockland Fund and Neurological Consultant PC Retirement Fund, entities owned and/or under the control of Martin Savitz.

Three months later, seeking to avoid the cost of the AAA arbitration Bade and Savitz had agreed to, the parties jointly requested that the Court re-open the case and appoint a Magistrate Judge to conduct a "free" binding arbitration of this matter.  On the signed stipulation of the parties, the Court originally granted the parties' Joint Motion. However, upon further review, the Court concluded that conducting a binding arbitration is beyond the scope of a magistrate judge's judicial authority.  Therefore, the Order of Reference referring this matter to the Magistrate Judge for binding arbitration was vacated and the parties were directed "to conduct their arbitration as originally agreed upon in the November 1, 2002 contract." [*See* 10/20/10 Order, Dkt. # 76].

Notwithstanding the Court's clear directive, the parties have not yet commenced

arbitration. Instead, Plaintiff now has returned to the Court asking instead that the Court re-open the case and conduct a trial of this matter.

There is no dispute that the parties signed the November 1, 2002 agreement which provided for arbitration of any disputes arising out of the contract in accordance with the rules and procedures of the American Arbitration Association. This is what the parties agreed to, and this is what they will have to do to resolve their dispute. It is not the time nor place to now complain about having to arbitrate in Detroit or having to follow the AAA Rules and Procedures when they are contractually obligated to do so. The language of the contract is clear and unambiguous. There is simply no legally cognizable basis for Plaintiff's claims of misrepresentation, double talk and mischaracterization, and there is no place for name-calling and unsubstantiated allegations by either party.

**Both** parties are contractually obligated to arbitrate this matter "in Detroit, Michigan in accordance with the rules and procedures of the American Arbitration Association."[1] If the parties want a resolution to their dispute, they are to proceed pursuant to their contractual agreement. Only after the parties have completed with the arbitration, and only if, after arbitration is completed, Plaintiff's claims against Defendants Neurological Diplomates PC Retirement Fund a/k/a Rockland Fund and Neurological Consultant PC Retirement Fund retain any independent viability will the

---

[1] Apparently, the parties have been unable to agree upon an alternative location or alternative rules to govern the arbitration. Therefore, they are left with the contract terms as originally agreed upon.

Court entertain a motion to re-open this matter.

For all of these reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Re-Open Case and/or for Default against Defendants is DENIED.

                                        s/Gerald E. Rosen
                                        Chief Judge, United States District Court

Dated: September 30, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 3, 2011, by electronic mail and upon Allli Bade, 485 Allard, Grosse Pointe Woods, MI 48236 by ordinary mail.

                                        s/Ruth A. Gunther
                                        Case Manager